UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00114-HBB

C. H.
*A Minor*                                                                                                         **PLAINTIFF**

VS.

KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                                **DEFENDANT**

**MEMORANDUM OPINION
AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of C. H., a minor, ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 21) and Defendant (DN 26) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 17). By Order entered March 25, 2021 (DN 18), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted as the defendant in this suit.

FINDINGS OF FACT

On September 15, 2017, an application Supplemental Security Income was filed on behalf of Plaintiff, a child under age 18 (Tr. 15, 176-82). The alleged disability onset date is January 1, 2017, as a result of Attention Deficit Hyperactivity Disorder ("ADHD"), behavioral issues, post-traumatic stress disorder ("PTSD"), and oppositional defiant disorder ("ODD") (Tr. 15, 73, 83, 202). The claim was denied initially on January 2, 2018, and upon reconsideration on February 26, 2018 (Tr. 15, 82, 93). A written request for hearing was filed on March 12, 2018 (Tr. 15, 118).

Administrative Law Judge Jennifer B. Thomas ("ALJ") conducted a video hearing from Nashville, Tennessee (Tr. 15, 40). Plaintiff and his mother, Lindsay Marrow, along with Plaintiff's counsel, Sara J. Martin Diaz, participated from Madisonville, Kentucky (Id.).

In a decision dated July 3, 2019, the ALJ evaluated this child disability claim pursuant to the three-step sequential evaluation process promulgated by the Commissioner (Tr. 15-32). Finding No. 1 indicates Plaintiff was a school-age child on September 15, 2017, the date the application was filed, and he is currently a school-age child (Tr. 18). Finding No. 2 sets forth the determination that Plaintiff has not engaged in substantial gainful activity since September 15, 2017 (Id.). Finding No. 3 concludes that Plaintiff has the following severe impairments: ADHD, ODD, disruptive mood dysregulation, and anxiety (Id.). Finding No. 4 specifies that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Id.). Finding No. 5 concludes that Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings (Tr. 20). Finding No. 6 sets forth the determination that Plaintiff has not

been disabled, as defined in the Social Security Act, since September 15, 2017, the date the application was filed (Tr. 32).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 174). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C.

§ 405(g); 20 C.F.R. § 404.981; <u>Cline v. Comm'r of Soc. Sec.</u>, 96 F.3d 146, 148 (6th Cir. 1996); <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); <u>Barnhart v. Walton</u>, 535 U.S. 212, 214 (2002); <u>Abbott v. Sullivan</u>, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a three-step sequential evaluation process for evaluating a child's claim of disability. 20 C.F.R. § 416.924. In summary, the evaluation proceeds as follows:

> (1) Is the child engaged in substantial gainful activity?
>
> (2) Does the child have a severe impairment?
>
> (3) Does the child have an impairment that satisfies the duration requirement and meets, medically equals, or functionally equals the criteria of a listed impairment within Appendix I?

20 C.F.R. § 416.924(b)-(d).

Finding No. 4

Plaintiff identifies two reasons in support on his contention, "There was not substantial evidence to support the ALJ's finding that [Plaintiff's] condition did not meet listings 112.06, 112.08, and 112.11" (DN 21-1 PageID # 1040) (emphasis omitted).  First, Plaintiff claims the ALJ failed to conduct a complete analysis of the requirements of these listings as it pertains to Plaintiff (Id.).  Next, Plaintiff argues the ALJ relied on the opinions of the state agency psychologists—Laura Cutler, Ph.D. and Dan Vandivier, Ph.D.—and the consultative psychological examiner--Jodi Bauer, MA, LPP—instead of the records of his medical providers and teachers "who, almost unanimously, stated how marked and extreme [his] struggles are" (Id. at PageID # 1040-41) (citing Tr. 24).[2]

Defendant points out the ALJ reviewed the signs, symptoms, and laboratory findings concerning Plaintiff's severe mental impairments and reasonably found there was no medical evidence that Plaintiff had an "extreme" limitation in one of the B criteria categories or "marked" limitations in two of the B criteria categories for Listings 112.06, 112.08, and 112.11 (DN 26 PageID # 1060-61) (citing Tr. 18-19).[3]  Defendant suggests that the ALJ's findings are supported by substantial evidence in the record (Id. at PageID # 1061-62).

---

[2] Plaintiff believes the medical records and educational records, along with his and his mother's testimony, demonstrate his condition meets the "B" criteria for Listings 112.06, 112.08, and 112.11 (DN 21-1 PageID # 1040). Plaintiff indicates this evidence shows he should have been classified as having marked or above limitations in the areas of concentration, persistence and pace, and interacting with others (Id.).  Plaintiff indicates this evidence also shows that he meets the "A" criteria for Listings 112.06, 112.08, and 112.11 (Id.).

[3] Defendant acknowledges that the ALJ did not discuss in detail the requirements of Listing 112.11, but points out that the ALJ's "B" criteria findings for Listings 112.06 and 112.08 would be applicable to Listing 112.11 because each listing has the same "B" criteria (DN 26 PageID # 1061).

Generally, to meet a listing within Appendix 1, the child claimant must satisfy both the diagnosis-specific requirements contained in Paragraph A and the severity criteria contained in Paragraph B. 20 C.F.R. § 416.925(b) and (d). To medically equal a listing, there must be medical findings supported by medically acceptable clinical and laboratory diagnostic techniques that demonstrate the impairment is at least equal in severity and duration to the listed finding. 20 C.F.R. § 416.926(a) and (b). "An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." Reynolds v. Comm'r Soc. Sec., 424 F. App'x 411, 415 (6th Cir. 2011). Additionally, the administrative law judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the claimant's impairment is the medical equivalent of a listing. *See* 20 C.F.R. § 416.926(c) and (d); Social Security Ruling 17-2p, 2017 WL 3928306, at *3-4 (March 27, 2017); Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986).

Listing 112.06 addresses anxiety and obsessive-compulsive disorders; Listing 112.08 pertains to personality and impulse-control disorders; and Listing 112.11 concerns neurodevelopmental disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 112.06, 112.08, 112.11. Notably, Listings 112.08 and 112.11 require the claimant satisfy the diagnosis-specific requirements in Paragraph A **AND** the severity criteria in Paragraph B. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.00A2a-b (emphasis added). Listing 112.06 requires that the claimant satisfy the diagnosis-specific requirements in Paragraph A **AND** the severity criteria in Paragraph

B **OR** the "serious and persistent" requirement in Paragraph C. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.00A2a-c (emphasis added).

The Paragraph B criteria for Listings 112.06, 112.08, and 112.11 is identical. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 112.06, 112.08, 112.11. To satisfy the Paragraph B criteria, a claimant must have an "extreme" limitation in one or "marked" limitations in two of the following four areas of mental functioning: (1) understanding, remembering or applying information, (2) interacting with others, (3) concentrating, persisting or maintaining pace and (4) adapting and managing oneself. Id.

The ALJ discussed Plaintiff's burden and concluded there was "insufficient medical evidence that [Plaintiff] has an 'extreme' limitation in one of the above-categories or two 'marked' limitations'" (Tr. 19).[4] In support of her determination, the ALJ cited the medical opinion of Jodi Bauer, MA, LPP, who conducted consultative psychological examination on July 11, 2016, and the medical opinions of Laura Cutler, Ph.D. and Dean Vandivier, Ph.D., the state agency psychological consultants who reviewed the record on December 27, 2017 and February 26, 2018 respectively (Id.) (citing Tr. 76-81, 87-92, 475-81).

Further, the ALJ concluded that Plaintiff did not satisfy the Paragraph C criteria for Listing 112.06 because the medical evidence demonstrated that Plaintiff's issues had improved with administration of medication and continued therapy (Tr. 19). In support of this determination, the ALJ cited the above mentioned medical opinions as well as treatment notes dated August 25, 2016

---

4 While the ALJ did not specifically discuss the Paragraph B criteria for Listing 112.11 (*see* Tr. 18, 19), the omission is harmless because the Paragraph B criteria for all three Listings is identical, and the ALJ made Paragraph B criteria findings in connection with Listings 112.06 and 112.08. See M.A.S.H. v. Colvin, No. 1:14-CV-01995-SEB-MJD, 2015 WL 7176259, at *4 (S.D. Ind. Nov. 9, 2015).

to December 4, 2017, from Baptist Health Medical Group; treatment notes dated August 23, 2018 to July 27, 2018, from Pennyroyal Regional MH-MR Board, Inc.; and treatment notes dated August 14, 2018 to November 21, 2018, from Pennyroyal Regional Mental Health Center (Tr. 19) (citing Tr. 76-81, 87-92, 475-81, 691-812, 823-50, 888-908).

In a subsequent section of the decision, the ALJ thoroughly discussed the evidence in the record (Tr. 20-24). The ALJ also summarized the medical opinions of Drs. Cutler and Vandivier and found them mostly persuasive except that the record established Plaintiff's ability to interact with others was marked (Tr. 24) (citing Tr. 76-81, 87-92). The ALJ explained that the record from Southside Elementary School showed on November 7, 2018, Plaintiff threatened to kill a fellow student, and on April 18, 2017, he threatened another classmate (Id.) (Tr. 330-53). Additionally, the ALJ discussed the report and medical opinion of Ms. Bauer and remarked that she found Ms. Bauer's opinions mostly persuasive (Id.) (citing 475-81). The ALJ explained that Ms. Bauer's opinions were supported by the medical record showing moderate problems as of the time of her evaluation in 2016, but the ALJ found that Plaintiff's ability to interact with others had returned to marked as demonstrated by the above mentioned evidence from Southside Elementary School (Id.) (Tr. 330-53).

The ALJ also summarized the December 13, 2017 opinion expressed by Brent Fletcher, Plaintiff's fourth grade special education educator who had seen Plaintiff twice a week for four months (Tr. 24-25). The ALJ explained that she found Mr. Fletcher's opinions to be partially persuasive because the overall record demonstrates that many of Plaintiff's limitations had improved since Mr. Fletcher's 2017 assessment (Tr. 25). The ALJ pointed out that the record

reflected that Plaintiff's ability to acquire and use information as well as his ability to attend and complete tasks had improved (Id.).

The ALJ discussed the January 31, 2019 teacher evaluation prepared by Stacy Wells, Plaintiff's fifth grade math teacher who saw Plaintiff daily during the school week (Tr. 25-26). The ALJ found Ms. Wells opinions to be partially persuasive because the medical record demonstrated that Plaintiff's limitations in acquiring and using information as well as being able to attend and complete tasks are more severe than what Ms. Wells had indicated (Tr. 26).

Contrary to Plaintiff's contention, the ALJ conducted a complete analysis of the Paragraph B requirements for Listings 112.06, 112.08, and 112.11. Additionally, the ALJ conducted a thorough assessment of the Paragraph C criteria for Listing 112.06. Inasmuch as the ALJ found Plaintiff did not satisfy the severity criteria in Paragraph B, there does not appear to be any reason for the ALJ to specifically determine whether Plaintiff satisfied the diagnosis-specific requirements contained in Paragraph A to Listings 112.06, 112.08, and 112.11.

Contrary to Plaintiff's assertion, the ALJ did consider the records of the medical providers and teachers in assessing whether Plaintiff satisfied the severity criteria in Paragraph B to Listings 112.06, 112.08, and 112.11. Further, the ALJ provided good reasons for her persuasiveness findings regarding the medical opinions and the opinions of Mr. Fletcher and Ms. Wells. As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Certainly, Plaintiff has identified evidence in the record that may support a different conclusion as to whether Plaintiff satisfies the Paragraph B criteria for Listings 112.06, 112.08, and 112.11.

9

However, after reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief as to his challenge Finding No. 4.

Finding No. 5

Plaintiff asserts, "There was not substantial evidence to support the ALJ's determination that [Plaintiff's] condition did not functionally equal the severity of the listings" (DN 21-1 PageID # 1035). Plaintiff explains—in assessing the six different domains to determine whether Plaintiff functionally meets the requirements of a listing—the ALJ found that Plaintiff had a marked limitation in his interacting and relating with others; less than a marked limitation in acquiring and using information, attending and completing tasks, and caring for yourself; and no limitation in moving about and manipulating objects, and health and physical well-being (Id. at PageID # 1035-36) (citing Tr. 26-32). Plaintiff argues substantial evidence does not support the ALJ's findings concerning the degree of limitation in two of those domains: attending and completing tasks; and interacting and relating with others (Id. at PageID # 1036-38).

In support of his position, Plaintiff contends that Mr. Fletcher's December 13, 2017 statement, a May 16, 2016 IEP from his second grade year, and an assessment form by a second grade teacher demonstrate a marked or extreme limitation in attending and completing tasks (Id. at PageID # 1036-37) (citing Tr. 225, 303, 438, 468).[5] Plaintiff claims that ample evidence of an extreme limitation in interacting and relating with others can be found in the Southside Elementary School records documenting two threats to kill other students and his frequently engaging in

---

5 Plaintiff also asserts the ALJ should have considered the extra help he was receiving in assessing his ability to attend to tasks and complete them independently (DN 21-1 PageID # 1038-40).

fighting and pushing; the April 16, 2018 and April 21, 2017 Individual Education Plans ("IEP") which have comments about significant problems with disruptive behavior, impulse control, and emotional difficulties; and the treatment records from Mountain Comprehensive, Sunrise Children's Services, and Pennyroyal Regional Mental Health Center (Id. at PageID # 1037-38) (citing Tr. 284, 289, 330-53, 392-410, 502, 511, 519, 530-48, 560, 831-32, 888, 895, 992-83).

Defendant contends substantial evidence supports the ALJ's findings that Plaintiff has a marked limitation in his interacting and relating with others and less than a marked limitation in attending and completing tasks (DN 26 PageID # 1062-66). Defendant provides a comprehensive description of the evidence considered by the ALJ in making both determinations (Id.).

If the impairment does not meet or medically equal any listing in Appendix 1, the Administrative Law Judge will determine whether it results in limitations severe enough to functionally equal the listings in Appendix 1. 20 C.F.R. § 416.926a(a). In making this determination, the Administrative Law Judge will consider the degree of limitation caused by the impairment in six broad areas of functioning called domains. 20 C.F.R. § 416.926a(b)(1). The six domains are (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi).

If an impairment results in "marked" limitations in two of the six domains or results in an "extreme" limitation in one of the six domains, then it is severe enough to functionally equal the listings. 20 C.F.R. § 416.926a(a). A "marked" limitation results if the child's impairment(s) interferes "seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation exists when a child's

impairment(s) interferes "very seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i).

The ALJ began her analysis by recognizing, at the January 25, 2019 hearing, Plaintiff was 11 years old and in fifth grade (Tr. 20). The ALJ thoroughly discussed the evidence in the record which included Plaintiff's testimony, the testimony of his mother, the functional reports prepared by his mother, the Mountain Comprehensive Care Center treatment records, the May 2016 to May 2017 IEPs from the West Broadway Elementary School, the Sunrise Children Services treatment records, the Baptist Health Medical Associates treatment records, the Pennyroyal Mental Health treatment records, and the primary care provider's treatment records (Tr. 20-24) (citing Tr. 259-69, 393-410, 412-35, 437-73, 485-528, 530-48, 559-60, 563-686, 688-812, 823-50, 851-65, 866-87, 888-908).

As mentioned above, the ALJ found the medical opinions of Drs. Cutler and Vandivier mostly persuasive except that the record established Plaintiff's ability to interact with others was marked (Tr. 24) (citing Tr. 76-81, 87-92). The ALJ explained that the record from Southside Elementary School showed on November 7, 2018 Plaintiff threatened to kill a fellow student and on April 18, 2017, he threatened another classmate (Id.) (Tr. 330-53). Although the ALJ found Ms. Bauer's opinion indicating moderate problems mostly persuasive, the ALJ explained that subsequently Plaintiff's ability to interact with others had returned to marked as demonstrated by the above mentioned evidence from Southside Elementary School (Id.) (citing Tr. 330-53, 475-81). The ALJ explained that she found Mr. Fletcher's December 2017 statement to be partially persuasive because the overall record demonstrates that many of Plaintiff's limitations had improved since Mr. Fletcher's 2017 assessment (Tr. 25). The ALJ pointed out that the record

reflected that Plaintiff's ability to acquire and use information as well as his ability to attend and complete tasks had improved (Id.). Further, the ALJ found Ms. Wells January 2019 opinion to be partially persuasive because the medical record demonstrated that Plaintiff's limitations in acquiring and using information as well as being able to attend and complete tasks are more severe than what Ms. Wells had indicated (Tr. 26).

The ALJ's assessment of the domain "attending and completing tasks" reads:

> This domain considers how well a child is able to focus and maintain attention, and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities. Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to prioritize competing tasks and manage his time (20 CFR 416.926a(h) and SSR 09-4p).
>
> Social Security rules provide that a school-age child without an impairment should be able to focus his attention in a variety of situations in order to follow directions, remember and organize school materials, and complete classroom and homework assignments. The child should be able to concentrate on details and not make careless mistakes in his work (beyond what would be expected in other children of the same age who do not have impairments). The child should be able to change activities or routines without distraction, and stay on task and in place when appropriate. The child should be able to sustain attention well enough to participate in group sports, read by himself, and complete family chores. The child should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation (20 CFR 416.926a(h)(2)(iv) and SSR 09-4p).
>
> Social Security regulation 20 CFR 416.926a(h)(3) and SSR 09-4p set forth some examples of limited functioning in this domain that children of different ages might have. The examples do not apply to a child of a particular age; rather, they cover a range of ages and developmental periods. In addition, the examples do not necessarily describe "marked" or "extreme" limitation in the domain. Some examples of difficulty children could have in

> attending and completing tasks are: (i) is easily startled, distracted, or over-reactive to everyday sounds, sights, movements, or touch; (ii) is slow to focus on, or fails to complete, activities of interest (e.g., games or art projects); (iii) repeatedly becomes side-tracked from activities or frequently interrupts others; (iv) is easily frustrated and gives up on tasks, including ones he is capable of completing; (v) requires extra supervision to remain engaged in an activity; or (vi) cannot plan, manage time, or organize self in order to complete assignments or chores.
>
> <u>The claimant has less than marked limitation in attending and completing tasks</u>. The claimant has shown significant improvement in attending and completing tasks. In 2017, the claimant's fourth grade special education teacher opined that that claimant had a serious to very serious limitations regarding certain aspects of this parameter. (Ex. 6E). However, the most recent teacher evaluation performed by Ms. Wells in 2019 reports the claimant has no limits in Attending and Completing tasks. (Ex. 21E). The undersigned finds that the evidence supports that the claimant's social behavior affects his ability to complete tasks, but that there [has] been substantial improvement. Accordingly, the undersigned finds the claimant does not have a marked limitation in attending and completing tasks.

(Tr. 27-28) (emphasis in original text). Contrary to Plaintiff's contention, the ALJ conducted a complete analysis which involved consideration of the very evidence cited in Plaintiff's argument. As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Certainly, Plaintiff has identified evidence in the record that may support his position that he has a marked or extreme limitation in the domain of attending and completing tasks. However, after reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff

is not entitled to relief on his challenge to the ALJ's finding that Plaintiff has less than a marked limitation in attending and completing tasks.

The ALJ's assessment of the domain "interacting and relating with others" reads:

> This domain considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community. Because communication is essential to both interacting and relating, this domain considers the speech and language skills children need to speak intelligibly and to understand and use the language of their community (20 CFR 416.926a(i) and SSR 09-Sp).
>
> Social Security rules provide that a school-age child without an impairment should be developing more lasting friendships with children who are of the same age. The child should begin to understand how to work in groups to create projects and solve problems. The child should have an increasing ability to understand another's point of view and to tolerate differences (e.g., playing with children from diverse backgrounds). The child should attach to adults other than parents (e.g., teachers or club leaders), and may want to please them to gain attention. The child should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand (20 CFR 416.926a(i)(2)(iv) and SSR 09-Sp).
>
> Social Security regulation 20 CFR 416.926a(i)(3) and SSR 09-Sp set forth some examples of limited functioning in this domain that children of different ages might have. The examples do not apply to a child of a particular age; rather, they cover a range of ages and developmental periods. In addition, the examples do not necessarily describe "marked" or "extreme" limitation in the domain. Some examples of difficulty that children could have in interacting and relating with others are: (i) does not reach out to be picked up and held by caregiver; (ii) has no close friends, or all friends are older or younger than the child; (iii) avoids or withdraws from people he knows, or is overly anxious or fearful of meeting new people or trying new experiences; (iv) has difficulty playing games or sports with rules; (v) has difficulty communicating with

15

> others (e.g., in using verbal and nonverbal skills to express himself, in carrying on a conversation, or in asking others for assistance); or (vi) has difficulty speaking intelligibly or with adequate fluency.
>
> <u>The claimant has marked limitation in interacting and relating with others</u>. The evidence aptly demonstrates that the claimant has continuing difficulties interacting with others. Both of the teacher evaluations in 2017 and 2019 opine the claimant has serious limits. (Ex. 6E and 21E). The claimant's IEP is substantially based on problems the claimant had with social and emotional behavior. The claimant was diagnosed with ADHD, oppositional defiant disorder, disruptive mood dysregulation disorder and anxiety. (Ex. 5F, 6F, 7F, 8F, 9F, 11F, 13F, and 16F). In November 2018, the claimant threatened a fellow student with a gun. On another occasion in 2017, the claimant threatened to kill a fellow student. (Ex. 17E). The medical record reports the claimant's mood disorders and social interaction problems. He is often argumentative with peers, mother and other adults. The claimant is often disrespectful. (Ex. 5F. 6F, 7F, 8F, 10F, 13F, and 15F). Accordingly, the undersigned finds that the claimant has a marked limitation interacting and relating with others.

(Tr. 28-29). Contrary to Plaintiff's contention, the ALJ conducted a complete analysis which involved consideration of the very evidence cited in Plaintiff's argument. As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." <u>Warner</u>, 375 F.3d at 390. Certainly, Plaintiff has identified evidence in the record that may support his position that he has an extreme limitation in the domain of interacting and relating with others. However, after reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief on his challenge to the ALJ's finding that Plaintiff has a marked limitation in interacting and relating with others. For the above reasons, Plaintiff is not entitled to relief on his challenge to Finding No. 5.

Conclusion

Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. Warner, 375 F.3d at 390. After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenges.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

H. Brent Brennenstuhl
United States Magistrate Judge

February 28, 2022

Copies:  Counsel